IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| YURY SHADRIN, individually and for all others similarly situated,<br><br>   Plaintiff,<br><br>     v.<br><br>HUNTER WARFIELD, INC., et al.;<br>   Defendants. | Case No.: 1:22-cv-03228-EA |

## ORDER GRANTING PRELIMINARY APPROVAL OF NOTICE, SETTLEMENT WITH DEFENDANTS AND SETTING A FINAL APPROVAL HEARING AND OTHER DATES

Upon consideration of the Plaintiff's Consent Motion For Preliminary Approval of a Settlement Class, Appointing Plaintiff as Class Representative, Appointing Plaintiff's Counsel as Class Counsel, Approving Notice to the Class and Setting of Final Approval Hearing and Other Dates filed herein and the pleadings, motions and memorandums filed in this action, the Court finds that the Motion should be and hereby is GRANTED.

The Court has reviewed the requirements under Fed. R. Civ. P. 23 (c)(1), of the Fed. R. Civ. P. and finds that the proposed settlement class meets the requirement for certification under that section. The class is numerous, consisting of 1,846 members. There are common issues as to whether the Defendant's actions and inactions were in violation of state and federal laws when it claimed that interest in excess of Maryland's legal rate of 6% was due on the class members alleged residential-rental debts. The Plaintiff's claims are typical and there is no dispute that they were not treated any differently by the Defendant.

Further, the Count finds that the Plaintiff and his Counsel will adequately

represent the Settlement Class. Plaintiff has no interests adverse to the other class members. Therefore, the Court appoints Plaintiff as Class Representative.

Similarly, the Court finds Plaintiff's counsel, Emanwel J. Turnbull and Peter A. Holland, to be adequate as Class Counsel. In appointing Class Counsel, the Court has considered the factors set forth in Rule 23(g). These factors include the work counsel has done in identifying or investigating potential claims in the action, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class, all of which favor appointment of Plaintiff's counsel as class counsel.

Further, the Court finds that certification of a class action for settlement purposes under Rule 23(c)(1) is an appropriate and superior method to resolve the claims in this action. The claims relate to collection activities and pursuit of individual claims by class members is unlikely. The class action also sets forth common issues of fact that predominate over any other potential issues in this action.

Accordingly, the Court certifies the following class of persons under Rule 23(c)(1) for settlement purposes only:

> All individuals to whom HWI sent a letter seeking interest in excess of 6% per annum simple interest on a residential rental-related debt arising from a lease of property in Maryland on or after November 7, 2019.

> Excluded from the class are (1) employees and officers of the Court in which the action is pending or Defendant, and (2) persons who filed a bankruptcy after the event that made them a class member and who received a discharge.

The claims to be addressed by the class are:

> all causes of action, suits, claims and demands, in law or in

equity, for damages, statutory damages, expenses, costs, and counsel fees arising out of the practices alleged in the Complaint.

The Court further finds that the proposed Settlement of this action as reflected in the Class Action Settlement Agreement is a fair and reasonable compromise of the disputed claims herein given liability is not certain and the relief obtained is substantial.

The Court approves the manner of notice and proposed notices to class of this Settlement; specifically the Notice of Class Action Settlement (the "Class Notice") provided to the Court by the parties.  The Class Notice shall be printed and mailed to the last known addresses of the class members for which addresses are known no later than 30 days after entry of this order and it shall contain the following dates and information:

Deadline for election to be excluded:  September 24, 2024 (60 days after this order)

Deadline for objections to be filed:  September 24, 2024 (60 days after this order)

Plaintiff to file Motion for Final Approval:  October 23, 2024 (21 days before Final Fairness Hearing)

Date and Time of Final Fairness Hearing -  November 13, 2024 at 9:30 am (less than 120 days after this order)

A Final Fairness Hearing concerning this Settlement shall take place on November 13, 2024 beginning at 9:30 am in Courtroom  TBD  of this Court.  Plaintiff's Motion for Final Approval of this Settlement, together with affidavits regarding notice.

Defendants shall, on or before ten (10) calendar days prior to the Final Fairness Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, as specified in 28 U.S.C. § 1715.

The Court further approves the Settlement Agreement provided to this Court by the parties.  This Order is subject to further consideration based on any objection posed by the Class following the distribution of Notice of the Settlement.

July 26, 2024
_____
DATE

_____
UNITED STATES MAGISTRATE JUDGE