IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| YURY SHADRIN, individually and for all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HUNTER WARFIELD, INC., et al.;<br><br>Defendants. | Case No.: 1:22-cv-03228-EA |

**DECLARATION OF AMERICAN LEGAL CLAIM SERVICES, LLC
REGARDING DUE DILIGENCE IN NOTICING**

I, Demetrius Jenkins, declare as follows:

1. I am a competent adult, over the age of eighteen, and this declaration is based on my personal knowledge.

2. I am a Case Manager for American Legal Claim Services, LLC ("ALCS"). ALCS was selected to serve as the Settlement Administrator and to otherwise comply with the provisions set forth in the Order Granting Preliminary Approval Of Notice, Settlement With Defendants And Setting A Final Approval Hearing And Other Dates and the Class Action Settlement Agreement and Release. I was responsible for overseeing the dissemination of Notice of Proposed Class Action Settlement ("Notice") to class members, exclusion processing, and all other matters required as Settlement Administrator.

3. **Class Action Fairness Act ("CAFA") Notice:** On August 7, 2024, ALCS mailed, via certified mail, a CAFA Notice pursuant to 28 U.S.C. § 1715 to the Attorneys General of the 50 states and the territory of Puerto Rico, the Attorney General of the United States, the District of Columbia's Corporate Counsel, the Attorney General for Guam, the Attorney General for American Samoa, the Attorney General for the United States Virgin Islands, and the Attorney General for the Northern Mariana Islands ("CAFA Service Parties"). The CAFA Notice package contained a cover letter on behalf of the Defendant Hunter Warfield, Inc., as well as a CD-ROM that included the following four exhibits:

    i. Class Action Complaint

    ii. Order Granting Preliminary Approval Of Notice, Settlement With Defendants And Setting A Final Approval Hearing And Other Dates

    iii. Plaintiff's Motion for Preliminary Approval of Class Settlement with Exhibits

    iv. Class Action Settlement Agreement and Release

1

4. **Class List Receipt and Processing:** On September 17, 2024, ALCS received the email list ("Class List") from counsel for the Defendant containing 2,317 names, street addresses, email addresses, and Client State. The final Class List contained 2,317 Class Members. Throughout the noticing process, ALCS utilized several means of ensuring the most accurate mailing addresses for class members. These methods included National Change of Address through the USPS, skip-tracing, and manual updates from class members.

5. **Initial Class Notice:** On October 9, 2024, ALCS mailed the Notices, substantially in the form approved by the Court (attached hereto as Exhibit A), to 2,317 Class Members with street addresses.

6. **Returned Mail Handling:** ALCS processed all Notices returned by USPS as Undeliverable As Addressed ("UAA"). For these, ALCS conducted address searches using a nationally recognized location service to attempt to locate new addresses for these class members. Of the 2,317 Notices mailed, 587 were returned by USPS as of the date of this declaration. ALCS has remailed 348 Notices to updated addresses. Of the 348 remailed Notices, 59 were returned by USPS as of the date of this declaration.

7. **Noticing Campaign Summary:** The following is a summary of the noticing, as of the date of this Declaration:

   - Total Number of Class Members: 2,317
   - USPS Notice Mailed: 2,317
   - Returned Mail: 587
   - Remailed Notices with Updated Addresses: 348
   - Returned Mail from Remails: 59
   - Population Deemed to Not Have Received Notice: 298
   - Percentage of Notices deemed delivered: 87.14%

8. **Exclusions:** The Notice instructed those who wish to opt out of the settlement to write to the Class Counsel stating that the class member does not wish to participate. It further states that an opt out request must be postmarked by December 9, 2024. As of the date of this declaration, ALCS has not received a request for exclusion for this case.

9. **Objections:** The Notice informed class members who wish to object to the settlement to file their written objection with the Court by December 9, 2024. I am not aware of any objections being filed with the Court as of the date of this declaration.

I declare under penalty of perjury pursuant to the laws of the State of Florida that the foregoing is true and correct to the best of my knowledge. Executed on December 20, 2024, in Jacksonville, Florida.

_____
Demetrius Jenkins

2

**Exhibit A**

By Order of the U.S. District Court for the District of Maryland

# If Hunter Warfield sent you a letter claiming that you owed or would owe more than 6% interest, a class action lawsuit may affect your rights.

A court authorized this notice. This is not an advertisement from a lawyer.

- Yury Shadrin ("Plaintiff") sued Hunter Warfield, Inc. ("HWI" or "Defendant"), and alleged that they violated state and federal law by trying to charge interest of more than 6% on residential rental debts.
- The Court has allowed the lawsuit to proceed as a class action for the purposes of settlement on behalf of:

  > All individuals to whom HWI sent a letter seeking interest in excess of 6% per annum simple interest on a residential rental-related debt arising from a lease of property in Maryland on or after November 7, 2019.

  > Excluded from the class are (1) employees and officers of the Court in which the action is pending or Defendant, and (2) persons who filed a bankruptcy after the event that made them a class member and who received a discharge.

- The Court has not made a determination in the suit but the Plaintiff and HWI have agreed to a settlement that provides that HWI will:

  - Promise not to charge interest more than 6%, unless the legal rate of interest in Maryland changes.
  - Pay $150,175.58 into a common fund to be distributed in the following order:
    - The costs of class administration (estimated $21,389.00).
    - Attorneys Fees, subject to the approval of the court (proposed: $60,070.23).
    - Incentive Award for the Class Representative, subject to the approval of the court (proposed: $5,000).
    - Equally to all members of the class.

  Based on these numbers, it is estimated that you would receive about $27 if the settlement is approved.

  If the settlement is approved, and you do not opt-out, you will receive a check in the mail. You will not need to complete a claim form. The funds from any checks that are not deposited or cashed before they expire will go to a non-profit organization approved by the court (proposed: Civil Justice, Inc.)

Your legal rights are affected, and you have a choice to make now:

## Your Legal Rights And Options In This Lawsuit

**DO NOTHING:** If you do nothing, you will receive the benefit of the settlement described above upon final approval of the Court.

**ASK TO BE EXCLUDED:** You can ask to be excluded from the lawsuit by giving a written notice stating that you want to be excluded and delivering a copy to that notice to Shadrin v HWI, c/o Settlement Administrator, P.O. Box 23309, Jacksonville, FL, 32241 no later than December 9, 2024, stating that you want to be excluded. You will need to include your name, address and telephone number. You may be asked to provide documentation that you are a member of the class.

**OBJECT:** You can object to the Class Settlement if you do not ask to be excluded from the Class. Any objection must be filed no later than December 9, 2024.

- Your options are explained in this notice.
- **Any questions? Read on.**

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**……………………………………………………… PAGE **3**
    1. Why did I get this notice?
    2. What is this lawsuit about?
    3. What is a class action and who is involved?
    4. Why is this lawsuit a class action?

**THE CLAIMS IN THE LAWSUIT**……………………………………………… PAGE **3**
    5. What does the lawsuit complain about?
    6. How does the Defendant answer?
    7. Has the Court decided who is right?
    8. What is the Settlement?

**WHO IS IN THE CLASS**……………………………………………………… PAGE **4**
    9. Am I part of this Class?
    10. I'm still not sure if I am included.

**YOUR OPTIONS**……………………………………………………………… PAGE **4**
    11. What do I do to be included?
    12. What happens if I do nothing at all?
    13. What do I do if I do not want to be included?
    14. Can I object?

**THE LAWYERS REPRESENTING YOU**……………………………………… PAGE **5**
    15. Do I have a lawyer in this case?
    16. Should I get my own lawyer?
    17. How will the lawyers be paid?

**GETTING MORE INFORMATION**…………………………………………… PAGE **5**
    18. Are more details available?

# BASIC INFORMATION

**1. Why did I get this notice?**

Records show that HWI sent you a letter claiming that interest was due on a residential rental debt at more than 6% per annum. This notice explains that the Court has allowed, or "certified," a class action lawsuit that may affect you. You have legal rights and options that you may exercise before the Court enters a final judgment. The lawsuit is known as *Shadrin v. Hunter Warfield, Inc., et al.,* Case No. 1:22-cv-03228, which is publicly available through the Court or through the PACER system.

**2. What is this lawsuit about?**

This lawsuit is about whether the Defendant violated consumer protection laws by charging interest higher than the legal rate of 6%. The Defendant denies that they violated any laws.

**3. What is a class action and who is involved?**

In a class action lawsuit, one or more people called "Class Representatives" (in this case Yury Shadrin) sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." Yury Shadrin, who sued, and all the Class Members like him, is called the Plaintiff. The person he sued (in this case Hunter Warfield, Inc.) is called the Defendant. The court resolves the issues for everyone in the Class, except for those people who choose to exclude themselves from the Class. In this case there has been no determination but the parties have agreed to settle the claims.

**4. Why is this lawsuit a class action?**

The Court permitted this case to proceed as a class action for settlement purposes. The court found that the case met the requirements of the Federal Rules of Civil Procedure, which governs class actions before Federal Courts. Specifically, the Court found that:
- There are a sufficient number of people who fell within the definition of the class;
- There are legal questions and facts that are common to each of them;
- Mr. Shadrin's claims are typical of the claims of the rest of the Class;
- Mr. Shadrin and his lawyers, Peter A. Holland and Emanwel Turnbull of the Holland Law Firm, P.C., representing the Class, will fairly and adequately represent the Class's interests;
- The common legal questions and facts are more important that questions that affect only individuals; and
- This class action will be more efficient than having many individual lawsuits.

# THE CLAIMS IN THE LAWSUIT

**5. What does the lawsuit complain about?**

In the lawsuit, the Plaintiff says that the Defendant violated consumer protection laws when it filed documents in debt collection lawsuits that were misleading.

**6. How does the Defendant answer?**

The Defendant denies that it did anything wrong.

**7. Has the Court decided who is right?**

The Court has not decided whether the Plaintiff or the Defendant is correct. The Court has certified a class for settlement purposes and has made no determination as to the merits of the claims.

| 8. What is the Settlement? |
|---|

The Defendant has agreed to:
- Not ask for interest on residential rental debts more than 6%, unless the legal rate of interest in Maryland changes.
- Pay $150,175.58 into a common fund for distribution as explained on page 1.

## WHO IS IN THE CLASS

You need to decide whether you are affected by this lawsuit.

| 9. Am I part of this Class? |
|---|

The class consists of all persons who Hunter Warfield sent a letter, seeking to collect a residential rental debt, arising from a rental in Maryland, after November 7, 2019, where the letter sought interest at a rate more than 6%.

| 10. I'm still not sure if I'm included. |
|---|

If you are still not sure whether you are included, you can get free help by calling or writing to the lawyers in this case at:

Peter A. Holland
Emanwel J. Turnbull
The Holland Law Firm, P.C.
914 Bay Ridge Rd, Ste. 230
Annapolis, MD 21403
Telephone: 410-280-6133

## YOUR OPTIONS

You have to decide whether you want to join in the class or not join the class, and you have to decide this now.

| 11. What do I do to be included? |
|---|

To be included as a class member you do not have to do anything.

| 12. What happens if I do nothing at all? |
|---|

You will be included in the class and receive the benefits of the settlement.

| 13. What if I do not want to be included? |
|---|

If you do not want to be included, then you must provide a written notice setting forth your name, address and a statement that "I do not want to be included." The notice must be sent no later than December 9, 2024, and sent to Shadrin v HWI, c/o Settlement Administrator, P.O. Box 23309, Jacksonville, FL, 32241. If you timely elect not to participate, then you may pursue your own claims at your own expense.

| 14. How do I object? |
|---|

If you timely elect to be included in the class and want to object to the settlement, you will need to file written objections to the settlement signed by you (or your attorney) with the Court no later than December 9, 2024. Your written objection should reference the case of *Shadrin v. Hunter*

*Warfield, Inc.,* Case No. 1:22-cv-03228 and be filed in the U.S. District Court for the District of Maryland by this deadline. Documents submitted that do not comply with applicable rules, including local rules of the Court, may be rejected by the Clerk of the Court. You must also mail a copy of any written objections to each of the following counsel:

Peter A. Holland
Emanwel J. Turnbull
The Holland Law Firm, P.C.
914 Bay Ridge Rd, Ste. 230
Annapolis, MD 21403
*Counsel for Plaintiffs*

Matthew Fogleman
THE LAW OFFICES OF RONALD S. CANTER, LLC
200A Monroe St., Ste 104
Rockville, MD 20850
*Counsel for Defendant*

Chad Echols
FROST ECHOLS, LLC
P.O. Box 12645,
Rock Hill, SC 29730
*Counsel for Defendant*

Khari Ferrell
FROST ECHOLS, LLC
18383 Preston Rd., Ste 350
Dallas, TX 75252
*Counsel for Defendant*

If you file an objection, you will also need to attend the final hearing or the Court may not consider your objections. The final fairness hearing is set for January 13, 2025, at 9:30 a.m. in Courtroom TBD at the Federal Courthouse at 101 West Lombard Street, Baltimore, MD 21201.

## THE LAWYERS REPRESENTING YOU

| 15. Do I have a lawyer in this case? |
|---|
| The Court decided that Peter A. Holland and Emanwel J. Turnbull are qualified to represent the Class Members. They are called "Class Counsel." They can be reached at The Holland Law Firm, P.C., 914 Bay Ridge Rd, Ste 230, Annapolis, MD 21403, Phone Number 410-280-6133. Please reference the Shadrin v. HWI settlement. The court found that they are experienced in handling similar cases on behalf of consumers. |

| 16. Should I get my own lawyer? |
|---|
| You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you may hire one who it will be your responsibility to pay. For example, you can ask him or her to appear in Court for you, if you want someone other than Class Counsel to speak for you. |

| 17. How will the lawyers be paid? |
|---|
| Class Counsel will be paid by the Defendant directly. |

## GETTING MORE INFORMATION

| 18. Are more details available? |
|---|
| You can contact one of the class counsel. Their contact information is set forth in Question No. 15 above. |