**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| YURY SHADRIN, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>HUNTER WARFIELD, INC.<br><br>Defendant. | Case No.: 1:22-cv-03228-EA |

**FINAL ORDER AND JUDGMENT**

On January 13, 2025 a hearing was held to determine (1) whether for purposes of settlement this action should be finally certified as a class action pursuant to Rule 23 on behalf of the Settlement Class, which consists of a Class, as defined in this Court's Order Preliminarily Approving Settlement Certifying Class for Settlement Purposes, Appointing Class Representative Counsel and Settlement Administrator, and Setting Schedule with Respect to Notice, Settlement Hearing and Administration ("Preliminary Approval Order") ECF 51 as amended by ECF 53; (2) whether the terms and conditions of the Settlement Agreement (the "Settlement") are fair, reasonable and adequate for the settlement of the Released Claims (as defined in the Settlement) asserted by the Settlement Class against the Defendant in this action and the release of the Released Persons (as defined in the Settlement) should be approved; (3) whether judgment should be entered dismissing this action with prejudice; and (4) the amount to be awarded to the Class Representative as an incentive payment and the amount of attorneys' fees and costs to be awarded to Class Counsel.

The Court having considered all matters submitted to it at the hearing and

otherwise; and it appearing that a notice of the Settlement, relevant deadlines and final fairness hearing substantially in the form approved by the Court was mailed to all persons reasonably identifiable who met the definition of the Settlement Class, at the respective addresses set forth in Defendants' records; and the Court having considered and determined the fairness, adequacy and reasonableness of the relief provided to the Settlement Class under the Settlement and of the requested award for Class Counsel's legal fees and expenses, and all capitalized or defined terms used herein having the meanings as set forth and defined in the Settlement.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Class is defined as set out in the Preliminary Approval Order. The names of those persons within the Settlement Class are contained in a Class List retained by Class Counsel.

2. The Court finds that the Settlement Class is so numerous that joinder of all members is impracticable; that questions of law or fact common to the Class predominate over any questions affecting only individual members of the Class; that the claims of the Class representatives are typical of the claims of the Class; that the Class Representatives and Class Counsel fairly and adequately protect the interests of the Class. In appointing Class Counsel, I have considered the work counsel has done in identifying or investigating potential claims in the action, counsels' experience in handling class actions, other complex litigation, and claims of the type asserted in the action, counsels' knowledge of the applicable law, and the resources counsel will commit to representing the class, all of which favor appointment of Peter A. Holland and Emanwel J. Turnbull of Holland Law Firm, P.C.

3. That the settlement of this action on a classwide basis is an appropriate and

superior method for the fair and efficient adjudication of the claims against the Defendant and other Released Persons.

4. This action may be maintained as a class action pursuant to Rule 23 for the purpose of this Settlement.

5. The determinations with respect to class certification are without prejudice to Defendants' right to contest class certification in this action in the event that either the Settlement or this Order and Final Judgment is terminated or invalidated for any reason prior to the Effective Date.

6. The Claims to be resolved by the Settlement are the Released Claims set out in the Settlement Agreement, specifically:

> all causes of action, suits, claims and demands, in law or in equity, for damages, statutory damages, expenses, costs, and counsel fees arising out of the practices alleged in the Complaint.

7. The terms and conditions of the Settlement constitute a good faith compromise of disputed claims and defenses and are the product of arm's length bargaining among the Parties. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Class. The Class and the Parties are directed to consummate the Settlement in accordance with its terms and provisions.

8. The Notice which has been provided to the Class is the best notice practicable under the circumstances, consisting of individual mail notice to all members of the Class who could be identified by Defendants based on its reasonably available records and sources. The Court finds that the Notice fully and accurately informed the Settlement Class of all relevant and material elements of the Settlement and afforded members of the Settlement Class adequate time to decide whether to participate or opt

out of the proposed Settlement. The notice given satisfies the requirements of due process and Rule 23.

9. All claims in this action are hereby dismissed in their entirety, with prejudice and without costs to any party. Class members, their administrators, executors, personal representatives, heirs, agents, attorneys, assigns, predecessor and successors are hereby bound by this judgment, including the release. All of the Released Claims as defined in the Settlement are hereby compromised, settled, release discharged and dismissed with prejudice by this Order and Final Judgment.

10. The Court finds that the sum of $5,000.00 to be paid to the Class Representative is a fair and reasonable amount to be paid them and hereby approves and directs that such payments be made.

11. The Court finds that the sum of $60,070.23 to be paid to Class Counsel for attorneys' fees and costs is a fair and reasonable amount and hereby approves and directs that such payment be made.

12. All payments set forth in the Settlement shall be made.

13. The Court further directs that any residue of the Settlement Fund not distributed as directed above shall be paid to Civil Justice, Inc. as *cy pres* recipient. The Court finds that each recipient has a nexus to the Class members because it provides services to persons in the same situation as the Class members, i.e. Maryland residents facing debt collection activity.

14. If the Settlement does not become effective or is terminated, then this Final Order and Judgment shall be rendered null and void.

15. Without affecting the finality of this judgment this Court retains exclusive jurisdiction over the Parties and the members of the Class for all matters relating to this

action, including the administration, interpretation, effectuation or enforcement of the Settlement and this Order and Final Judgment.

16. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

17. No persons have requested to be excluded from the Class.

**IT IS SO ORDERED**

_____        _____
**Date**
                                                                      Circuit Judge